UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Esau Buriel,

    Petitioner,                               Case No. 13-11703
                                                      Hon. Sean F. Cox

v.

Willie Smith,

    Respondent.
_____/

## **ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS [dkt. 13]**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Esau Buriel ("Petitioner") was convicted in the Saginaw Circuit Court of first-degree murder, and carrying a weapon with unlawful intent. Petitioner's habeas application raises three claims: (1) the trial court erred in failing to dismiss the charges on the grounds of pre-indictment delay; (2) the trial court violated the Ex Post Facto Clause by allowing evidence to be admitted that would have been ruled inadmissible at the time of the offense; and (3) Petitioner's convictions are against the great weight of the evidence. The matter is before the Court on Petitioner's motion to stay his habeas proceeding so that he may exhaust additional claims in the state courts that he claims are likely to result in the reversal of his convictions. For the reasons stated below, the Court denies Petitioner's motion.

**Background**

Following Petitioner's conviction, he filed an application for leave to appeal in the Michigan Court of Appeals, raising his current habeas claims. On August 7, 2012, the Michigan Court of Appeals affirmed in an unpublished opinion. *People v. Buriel*, No. 304873 (Mich. Ct. App. Aug. 7, 2012). On March 4, 2013, the Michigan Supreme Court denied Petitioner's application because it

was not persuaded that the questions presented should be reviewed. *People v. Buriel*, No. 145894 (Mich. Sup. Ct. March 4, 2013). For statute-of-limitations purposes, his conviction became final 90 days later, when the time for filing a petition for writ of certiorari expired, on or about June 2, 2013. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

Petitioner states that he intends to file a motion for relief from judgment in the trial court raising numerous new claims that he asserts will likely result in a reversal of his convictions. Petitioner's motion states that he wants his habeas petition to be stayed and held in abeyance pending exhaustion of his state court remedies with respect to his two new claims.

**Discussion**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not

jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez*, 555 U.S. at 120 (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on March 4, 2013, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90-days later, on about June 2, 2013. The instant habeas petition was filed on April 15, 2013, before the limitations period even began to run.

Given that no time ran on the limitations period when the petition was filed, Petitioner has sufficient time to return to federal court should he wish to do so after he exhausts his additional claims. Given such circumstances, a stay is unnecessary and unwarranted.

**Conclusion & Order**

Accordingly, the Court **DENIES** Petitioner's motion for stay and abeyance of his habeas proceedings.

Should Petitioner wish to have the Court dismiss without prejudice the present petition so that he may exhaust his additional issues in the state courts and have them considered here, he must move for a non-prejudicial dismissal of his habeas petition within thirty (30) days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS SO ORDERED.**


Dated:  February 11, 2014                S/ Sean F. Cox
                                         Sean F. Cox
                                         U. S. District Court Judge


I hereby certify that on February 11, 2014, the foregoing document was served upon counsel of record by electronic means and upon Esau Buriel by First Class Mail at the address below:

Esau Buriel
174568
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660


Dated:  February 11, 2014                S/ J. McCoy
                                         Case Manager